UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TELICIA HODGES, | Case No. 17-13485 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| NAVIENT SOLUTIONS, LLC, | U.S. MAGISTRATE JUDGE |
| | MONA K. MAJZOUB |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS [7]**

*Pro se* Plaintiff Telicia Hodges filed a lawsuit in 44th District Court, in Oakland County, Michigan, on September 22, 2017. She alleged that Defendant Navient Solutions, LLC "failed to note the credit report account was under dispute within 30 days," in violation of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"). [Dkt. 1-2]. Plaintiff further claims that Defendant "continued to report," even after she notified it of the violations. *Id.*

Defendant removed the case to this Court on October 26, 2017. [1]. Defendant filed a Motion to Dismiss [4] on November 16, 2017 and an Amended Motion to Dismiss [7] on February 20, 2018. Plaintiff filed a Response [12] on May 11, 2018, to which Defendant replied on May 16, 2018. [13].

The Court now finds the motions suitable for determination without a hearing, in accordance with Local Rule 7.1(f)(2). For the reasons discussed below, Defendant's Amended Motion to Dismiss [7] is **GRANTED**.

**FACTUAL BACKGROUND**

Plaintiff executed a federal student loan promissory note under the Federal Family Education Loan Program ("FFELP") on October 2, 2002. (Dkt. 7-2, Pg. ID 87). Plaintiff filed this lawsuit on September 22, 2017. Plaintiff's reasons for her claim are set forth as follows:

> Defendants failed to note the credit report account was under dispute within 30 days which is a violation of FDCPA 807(8) and FCRA 623(a)(3). After I notified them by certified mail of the violations, they continued to report therefore they are liable for damages as per FCRA 616(a)(1) for willful noncompliance. [sic].

(Dkt. 1-2).

**LEGAL STANDARD**

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. To survive such a motion, Plaintiff must plead factual content that allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal

conclusions framed as factual allegations. *See Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

Defendant asks the Court to dismiss Plaintiff's case for two reasons: first, because Defendant is not a debt collector within the meaning of the FDCPA; and second, because there is no private right of action under § 623(a)(3) of the FCRA.

### I. The FDCPA Claim

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To establish a claim under § 1692e, "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise[ ] out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

The FDCPA defines a debt collector as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

This definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person." *Id.* at § 1692a(6)(F)(iii).

That Plaintiff has failed to allege any facts establishing that Defendant began servicing her loans before they were in default, or that her loans are or were in default, is fatal to her claim. In *Dowridge v. Navient*, No. 16-cv-10327, 2016 WL 1594427, at *3 (E.D. Mich. Apr. 21, 2016), another FDCPA case against Defendant, the court dismissed the *pro se* plaintiff's claims on the grounds that she "relied on conclusory legal assertions that Defendant is a debt collector, rather than provide any evidence or allegations that indicate Defendant acquired Plaintiff's debt after default or was servicing for another entity that processed the debt." A number of other similar cases have also resulted in dismissal for the same reasons. *See, e.g.*, *Marek v. Navient Corporation*, 2017 WL 2881606 (N.D. Ohio July 6, 2017) (the court held that Navient was not a debt collector for FDCPA purposes because plaintiff did "not allege that his loans are or were in default, and certainly

he [did] not allege they were in default at the time the loan was obtained by Navient."); *Haysbert v. Navient Sols., Inc.*, 2016 WL 890297 (C.D. Cal. Mar. 8, 2016); *Levy-Tatum v. Navient & Sallie Mae Bank*, 2016 WL 75231 (E.D. Pa. Jan. 7, 2016).

Because Plaintiff has not established that Defendant is a debt collector under the FDCPA, this claim must be dismissed.

## II.  The FCRA Claim

According to Plaintiff, Defendant willfully violated the FRCA because, despite the fact that she informed Defendant of its violations, Defendant "continued to report." (Dkt. 1-2).

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The FCRA "covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies." *Ruggiero v. Kavlich*, 411 F.Supp. 2d 734, 736 (N.D. Ohio 2005).

Plaintiff brings her FCRA claim under § 623(a)(3), which is codified at 15 U.S.C. § 1681s-2(a)(3). That statute says:

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer,

the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

Plaintiff overlooks the fact that "[t]here exists no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a)." *LaBreck v. Mid-Mich Credit Bureau*, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016). Rather, "[e]nforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials." *Id.* (citing 15 U.S.C. § 1681s-2(d)); *see also Dominguez v. Capital One, N.A.*, No. 16-12896, 2017 WL 3097801, at *3 (E.D. Mich. June 23, 2017), *report and recommendation adopted*, 2017 WL 3085779 (E.D. Mich. July 20, 2017). Accordingly, the fact that Defendant allegedly furnished inaccurate information under § 1681s-2(a) does not provide Plaintiff with a viable cause of action under the FCRA. The claim is therefore dismissed.

## CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant's Amended Motion to Dismiss [7] is **GRANTED**.

**SO ORDERED**.

Dated: June 11, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge